Counsel, you may proceed. Michael Hasson for Defendant BMW Financial Services. I'll try and watch the clock and reserve three minutes, Your Honor. Counsel, before you start, brief us on where things stand. We've been notified that there is some potential settlement. Is there anything that would affect this case or not? Not, no, Your Honor. Once this case is resolved and we know whether we're in state court or in federal court, then if the final terms of a settlement which are presently being negotiated are finalized, then the parties will meet and figure out how to proceed to consummate that settlement. There's nothing that affects the court's jurisdiction over this matter as of today. I'm dying to find out, but won't, what the price tag for staying in federal court is. I'm from Chicago, you know. We work on the commission system. Well, it's the policy limits of Clevier's insurance company. So the two issues, Your Honor, can this original complaint have been removed? And even if so, did the amended complaint so substantially change the nature of the case to create a new removal period? On the first issue, we again, it is very common in class action complaints for the boilerplate language, this case involves so many people that it has to be done as a class action. In this case, that was hundreds. Then you get to the specific allegations, and the specific allegations are many, and then we don't know, we'll need to do discovery. That makes sense in a case like this. This is not an orange juice bottle saying 100% pure or orange juice, where if it isn't, then you know every bottle has been misrepresented. This is a one-on-one transaction. I have sold you a car, and in that paperwork, I fill out a form a certain way. Why do I do it that way? Is this a systemic issue with Crevier? Is it only for this particular salesperson or this particular finance officer? Is it for this particular transaction? Is the dealership covering fees as a courtesy to the BMW customer for goodwill? We don't know, and the reason we don't know, and this is important as it gets to the second part of this appeal, we're only in this case under the holder rule. We took an assignment of a retail installment sales contract. That's what we did. We don't know the facts of what happened at the time of sale. And the consequence of that is what? Well, the consequence of that is that there are a lot of arguments over the breadth of the holder rule, but the argument plaintiff makes is we can now get our damages against you as the current holder of that contract based on the liability of Crevier, the dealership, because the contract's now with you. That may be true. We're not on the merits of that, but it doesn't mean we know anything about what happened. We certainly don't know the size of the class. We don't know whether this is something done routinely. Crevier knows that. This affects removability. It affects removability in terms of our knowledge of the size of the class. You don't know, so? We have no idea. Looking on its face doesn't suggest removability. It doesn't suggest removability. We're sitting there. If we went into the federal court and the judge said to me, so, Mr. Hassan, how many people are in this class? And I say I haven't got a clue. I don't want to face the Rule 11 motion when I have to make that admission. I don't know. It's very different. It is a little odd. One of the ironies here is that the District Court and Plaintiffs' Council criticize us for not knowing certain things outside the record, but then think we don't know the number of dealerships we have in the state of California. I will assure you if there's anything a car manufacturer knows, it's how many dealerships it has in each state. We know we have 53 dealerships in California. The moment you expand this with an amended complaint to include all 53, we know we've got numerosity. We know we have 100 people in the state of California now for purposes of CAFA removal. But when it's just Previer and it's just this one transaction, as far as we know, for us to come into federal court and say, based on this, we don't know, which is why in Harris this court said you go by the four corners of the complaint, not through the subjective knowledge of the parties. You don't get into that debate because then you're sidetracked. The litigation's over what we knew or should have known, not what's before us. So for numerosity, we don't have that. Then for the $5 million, we don't even have that. Plaintiff admits the statutory damages are $1,000 to $5,000 per violation. Keep in mind, no one was injured. This is not a claim. There was an overcharge, an improper charge. The claim is California says you should have put title and registration fees on different lines. You combined them onto one. That's the claim. For that hyper-technical violation, we're before the court, and there's a claim of a statutory penalty. What do we do with the assertion about $50,000 being the value of this car? And if two responses to that, Your Honor. First, I cannot imagine a district court or a trial judge saying the penalty for this violation is rescission because it didn't affect anything. It isn't the wrong numbers. It was a valid sale. The only issue is did you put them on the right lines? That's why there's a statutory penalty because there is no damage that could be proven from that. So the thought that the court is going to order rescission, I'll charitably call unlikely. Second. But does that matter? It does for, well, it does for this purpose. We don't make an assessment of the probability of the case in determining the amount in controversy. Part of the problem, Your Honor, is what are the district court judges doing? Before this case, I had a different case involving gift cards, and the plaintiffs alleged because the gift card didn't say it's redeemable for cash for under $10, the entire value of the gift card is my damage. And we went to the district court and said, see, the entire value of all the gift cards is $8 million. We have CAFA jurisdiction. And the judge said, don't be ridiculous. You can't have damages beyond the $10. I don't care what they've alleged. If the only thing is you have to redeem a gift card for under $10, that's the damage, not what the value of the gift card is. So we're back in state court. So we have one judge saying. Foolish consistency is a hobgoblin of little minds. Or you screwed up. You trusted it. Well, that's why this court's ruling in Harris was so helpful. It's just go by the four corners. What it says is what it says. But if we start having to guess, what is this judge going to do? Is this judge going to want us to determine is it $50,000? And even if it is $50,000, we get the car back. So what's the fair value of the car? And is that an offset? And what's the fair use of the car during the time they got to drive it? If this car is worth $40,000 and we get an offset of $5,000 additional for the fair value of the use of the car, is that a $5,000 damage, not $50,000? Because we do get the car back. So you start. I don't see rescission. But even if it is rescission, it's not the full value of the car because we're getting back. So the other side says you still didn't act within the appropriate time period because you had notice of the amended complaint more than 30 days before, etc., etc., etc. And that's a good issue because they do it in several forms. First, the pre-litigation letter. I've never seen anything that can be based on a pre-litigation letter. The CLRA letter says we want $10 million, and then you get a complaint that says damages will not exceed $4 million to avoid CAFA. We remove it and say we've got a CLRA letter that said you wanted $10 million? Of course not. You go with the operative document. This is what they filed. They're the master of their complaint. So the CLRA letter is out the window. Motion to amend. They ask for permission to amend. The hearing is set out 60 days. Do we file based on the fact they're seeking leave to amend? What if the district court denies it? What if the trial court denies leave to amend? We're in federal court saying there's just this possibility? Of course not. We have to wait until the court rules on the motion. The court grants the motion and says you have 30 days to amend. What if they don't amend it to include that claim? What are we removing to federal court? This is what you just dealt with. Are we removing the complaint that's about to be superseded? If we do that, the district court says this one isn't removable. Oh, no, no, Your Honor, but they're going to file one that will be. We don't want to miss the time period. So we're filing a notice of removal on a complaint that isn't removable because the trial court granted leave to amend to file a complaint that one day will be removable. That doesn't make any sense. We have to wait until the actual complaint that falls within CAFA has been filed so that we can remove it. This isn't like a case where the complaint isn't being removed at all and we learn from another paper that CAFA is met. That's different. But if it is the amended complaint that is going to now create CAFA jurisdiction, you have to wait for that to be filed. That's what triggers it. That's what triggers it. That's what we remove to federal court. To remove the prior action, the district court is going to say, so show me then again, Mr. Hassan, why is CREVIEH alone good enough to get CAFA jurisdiction? It isn't. We didn't think it was. We didn't have evidence for that. Until the amended complaint is filed, then I can support it. Now I can get in front of the district court judge and say, because we have 53 dealerships, because here is how the numbers would work. Now I can do it. How would you characterize what you would say would be the mistake that was made in the district court? Your Honor, I don't think the district court judge is very fond of CAFA. I really just think some judges don't like it and it's very difficult to convince them. Some of us are not too fond of CAFA, especially with the 60-day sword of Damocles over it. That's true. So I think that the real problem is our judge didn't really think that we should have been allowed to remove the case to federal court under CAFA. If you're asking me my honest opinion, that's what I think it was. But the error I think the judge made is assuming that we know the numbers based on the original complaint, originally. The fact that it's three different times, that if it's $5,000, that he's assuming the damages are $50,000 without any offset, without any credit for the value of the car. If you go by the statutory penalties, we would need 1,000 to 5,000 members. And we don't even know that it's happened more than once. We're just the holder of the paper. So we don't know if this one transaction, the dealer combined it on one line or only has one line because they're picking up the registration fee or whatever. They've decided to pay for it as a service for goodwill. We don't know. So we couldn't remove that. And the court was attributing to us knowledge outside the complaint that we didn't have, which is why Harris says stick to the four corners. And the second thing I think the court erred in doing was relying on a Sixth Circuit opinion that predates CAFA, has nothing to do with CAFA, rather than Harris and Carvalho on the amended complaint. And clearly the amended complaint is an entirely new lawsuit. We cannot defend ourselves against that action without the dealerships being in the case. We will be making a motion to dismiss for failure to join indispensable parties, and if that's denied, we'll cross-complain against them ourselves. We cannot defend it. We can't produce documents. We don't know what those dealerships did. There is an assumption here by plaintiff's counsel that the district court entertained, apparently, that all you need to know is what CREBIA did in one transaction, and that can be extrapolated to what every BMW car dealership in the entire state of California did in every transaction. I think due process will allow us to argue differently on the merits. We're going to have a chance to find out what those dealerships did, why it was filled out this way. We don't know. I had a case involving prepayment penalties on a loan, and it just so happened that this tiny group that the plaintiff was involved in were all calculated manually, and every time my bank did it manually, they messed it up. But every other transaction was done by computer and done correctly. So we had 15 times where we messed it up. That's why you get to have discovery. That's why you need the parties involved in filling out these forms to tell you, this is what we did, this is why we did it, this is how many times we did it. So they're going to have to be in this lawsuit to argue that somehow we can go from one dealership to 53, and it hasn't changed the nature of the case. Just can't say that with a straight face. So to use the language out of Carvalho, your position is that you never received anything from which removability may first be ascertained. Yes, until the amended complaint was filed. And then we also respond to the argument, because it ties into this, as to whether this Class 3 was actually a subclass, a subset of Class 2. The plaintiff makes that argument that it was all he did was pull it out. Frankly, Your Honors, subset means divided into. It means a smaller part of the whole, not a bigger part of the whole. The crevier claims in Class 2 are wholly subsumed within Class 3. To me, your argument would be the same even if you were more than just the holder of the paper. Because if you were more than that, you would still say you never got anything from which removability could be ascertained. That's true, Your Honor. But it's especially true here. And the rule Thank you, Counsel. Your time has expired. Thank you, Your Honor. We'll hear from Barry. Good morning, Your Honors. Clark Barry for the plaintiff in the case, Shannon Huxhausen. And there's a fundamental inconsistency in BMW Financial's argument. And that inconsistency is the allegations from the complaint and the first amended complaint. As to numerosity, they're the same. Both complaints use the word hundreds. Both complaints use the word many. Both complaints say we'll have to figure out how many people there are. Both complaints define the class in a pretty different way. The second complaint adds a new class definition. The new definition adds potentially hundreds and hundreds and hundreds of additional class members. Potentially. Because it expands to all of the other BMW dealerships. That is correct. And let me just interject here. I thought your brief bordered on dishonest when it tried to say that it was simply redefining or carving out of the second subclass a new class three. Because the existing complaint, the original complaint, clearly pertained to one dealership. Yes, it did. And judicial notice or not, I think all of us know there are other BMW dealerships in the state. And to suggest that other complaints know different when, in fact, you're adding by some multiple the number of potential class members in a pretty substantial number strikes me as bordering on the dishonest. I apologize, but we don't know right now if other dealerships did this same practice. Yeah, but you don't know that Crevier did it for that many people. I mean, hundreds is in paragraph one. Yes. Sort of like puffing as the FTC would define it. But when you get down to it, the complaint actually says we don't know what the numbers are. Okay. So how is BMW supposed to know? How did they know from the First Amendment complaint? And that's my inconsistency argument is that when they got the First Amendment complaint, they said, oh, well, we looked at our records now. And we looked and we found out that. You haven't defended by saying, oh, we still don't meet the numerosity requirement. We still don't meet the amount and controversy requirement under CAFA. You're defending by saying we met it the first time with just one dealership. So to suggest to me now that you've got its other defense isn't particularly persuasive. What I'm saying is we think the original complaint made the proper allegations. Without knowing how many people would be in the group. Yes. Let me raise with you the same question I raised with the opposing counsel. The figure $50,000 is mentioned. How are we supposed to interpret that? Is that by implication the claim? It happens to be the value of the car. But whatever your claim is going to be, it's got to be something way less than $50,000. And it may even be something that's just purely nominal. Is there any law on the subject that tells us how to deal with that $50,000 reference? I think the case we cited in our brief that refers to you use the total sale price for purposes of calculating the amount and controversy. And, in fact, that's what they used when they removed the case. If we look at the declaration they filed, what they said is when we got the first amended complaint that included an additional class definition, we looked at our records, we determined there's more than 100 people, and we determined that the total sales price of those contracts far exceeds $10 million. Why didn't they do that when they got the original complaint? That's my question. They're saying it's not on the face of the complaint under Harris. But the Ninth Circuit law is when the amount and controversy is uncertain and the defendant has that information within their control, then they have this obligation. What is it that was so much different about adding that third class that they didn't do this work on the original complaint? And the only argument they made was that, well, we were tendering it to the dealership to defend us. But that doesn't mean that that original complaint didn't have enough people and didn't put enough money in controversy. They just didn't choose to elect to make that inquiry on the original complaint and did on the first amended complaint. Which is a lot bigger on its face. It is, but it doesn't mean the first complaint wasn't big. It just says, and when you read the declaration that they filed in support of removal, they say, well, we only looked at Class 3. Why didn't you look at Classes 1 and 2? If that information is within your control and the amount and controversy is uncertain, then you should look and see because they know. He says, we don't know. They're saying today that they don't know. The information is not within their control. I'm sorry. They know how many contracts they bought from Correvia BMW. They have that information and they know the value of those contracts. They have that information. Just like they have the information to put the sentence in the declaration that we know that in Class 3 there are more than 100 and we know it's more than $10 million. It's the same analysis. You know what contracts you bought from either Correvia BMW or all BMW dealerships. You have that information. That amount and controversy is not stated in either complaint. You did the work the second time. You didn't do it the first time. Why is that? That's gamesmanship from the defendant as to we didn't do it the first time. We didn't remove. We lost a motion to compel arbitration. We're staying in the trial court in a class action. You amended your complaint. This time we're going to remove it. Well, counsel, looking at the first complaint, which is important from your point of view. Yes. What's your response to Mr. Hansen's argument that even if it were alleged to be $50,000 and rescission would be an option, they still have the value of the car, which means that it's going to be a lot less than $50,000. Whether it's $45,000 or $40,000 or whatever, the amount is obviously going to be something considerably less than $50,000. Then how do you ever remove a case? How could they remove the First Amendment complaint? Because they don't know what the values of those cars are going to be. That's another issue. You need to prevail with respect to the first filing. Okay. And we've alleged because they have the information within their control. The amount in controversy, they have the values of those contracts. They know how many there are and what the values of those contracts are, such that for purposes of determining an amount in controversy, you look at the rescission value of those contracts. That's within their control, not within mine. I don't know how many contracts they bought. I don't know the values. They do. They have that information. They did it for the First Amendment complaint. They didn't do it the first time. They didn't do it with the original complaint. Illuminate me. Why do they have to view this in terms of the rescission value of the contracts? Because that's the remedy that is identified in the First Amendment complaint. That this particular violation of this state law entitles the buyer to rescind the contract. But the rescission value has got to be something fairly close to a couple thousand dollars, maybe whatever you heard. He suggested $5,000 in his oral argument. I think that argument comes from the statutory penalties under a different statute because we sued under the Consumer's Legal Remedies Act, which has a statutory amount. The Automobile Sales Finance Act says rescission, and rescission is going to be giving back all the payments that you've received, and you're going to get the car back. So they, again, know how much money they've received on all of these contracts. So what's the objective of your lawsuit? The objective of the lawsuit would be to entitle the buyers to rescind their contracts. So you're trying to get how many rescissions of how many contracts on how many cars? Whatever there are. Now, with the bank, there's also a separate remedy against the bank, which is a refund of finance charges. That would be a different remedy against BMW Financial as opposed to against the dealership. How many there are, I don't know. There's a published opinion in California where the class was 1,500 people, where the California Court of Appeals said those class members can elect rescissions. So your class wants to give the cars back? As an option. Yeah, I want to give those people that option, that they are entitled to do that because that's what the law entitles them to do. But that still leaves that the amount of controversy is got to be some net of giving the car back. The dealers now own, let's say, 1,500 cars, and the differential has got to be something that is a very, very minor amount of the 50. The dealers are getting their cars back. The consumers are getting their money back. So I don't see this small net. I mean, if the consumer had made $20,000 worth of payments on their car and still had $30,000 that they owed. I'm sorry, I doubt that anybody who bought a BMW wants to do what you're saying, that you're trying to get them the ability to do. They're going to go get the car back and get their money back. I doubt that's going to happen. I can't answer that. Let the record show counsel is smiling. My client bought a BMW and is seeking that remedy. So there's at least one. And with the claim against the bank, those people will then get an option. Do they want to rescind or do they want to elect the remedy of getting their finance charges back? I suspect people would want their finance charges back to have gotten their loans, their car payments at 0.0%. But our question here today was, did they know off that original complaint? And while the amount of controversy isn't specifically set forth, that was information within their control. And so I don't think this is like the Harris case. I don't think it's like the Carvalho case. This is a situation where, because how else do defendants remove cases when the amount of controversy isn't stated? It's always they file a notice of removal, they file a declaration that says, here's our evidence to show that CAFA is satisfied. That's how it happens. That's the process. And they want to say that process shouldn't have applied to the first complaint and should apply to the second complaint. And there's no reason that the process shouldn't have applied to the original complaint. There was a class alleged against them, they had the information within their control, and they chose not to remove it. And if for some reason we would not accept your argument with respect to the first complaint, what about counsel's statement that they didn't have enough advance notice on the second complaint to trigger earlier the 30-day period? Having listened to the argument and the questions, I agree with him that the filing of the complaint would have to be the paper that triggered the second period. If the original complaint didn't trigger, then I agree. The amended complaint would have to be the paper because, as he said, we might not have filed the amended complaint, that the order wouldn't be sufficient until that complaint is actually filed. I agree with that argument. Thank you. Thank you very much. Unless there are further questions, I'll sacrifice the rest of my time. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Trott, Clifton